IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JAMES EDWARD WADE and | ) | Case No. 10-11000 |
| BETTY JEAN WADE | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |

**MEMORANDUM OPINION**

This matter came before the Court on the Motion to Reopen Chapter 7 Case (the "Motion to Reopen") filed by the above referenced Debtors (the "Debtors") on January, 5 2011. Julie H. Stubblefield appeared on behalf of the Debtors.

The Debtors seek to have their Chapter 7 case reopened in order to file a reaffirmation agreement that reaffirms their personal obligation to Beneficial Financial Inc. ("Beneficial") on their home mortgage. The Debtors signed and returned the reaffirmation agreement to Beneficial on August 10, 2010, but the reaffirmation agreement was never executed by Beneficial nor filed with the Court. The Debtors received a discharge in their Chapter 7 case on August 30, 2010, and a Final Decree was issued on September 7, 2010, closing the case. Four months later, on January 5, 2011, the Debtors filed their Motion to Reopen.

Pursuant to Section 350(b) of the Bankruptcy Code, a case may be re-opened for cause. 11 U.S.C. § 350(b). The Debtors assert that cause exists to reopen their case in order to file their reaffirmation agreement with Beneficial. However, "[p]ursuant to Section 524(c), reaffirmation agreements must be made prior to the entry of the order of discharge; otherwise they are unenforceable. The requirements of Section 524(c) are clear and must be strictly construed." In re Huffman, No, 07-50139, slip op. at 1 (Bankr. M.D.N.C. 2007) (2007 WL 1856770); see also In re

Lee, 356 B.R. 177, 182 (Bankr. N.D. W. Va. 2006).

Section 524(c) of the Bankruptcy Code provides:

An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable nonbankruptcy law, whether or not discharge of such debt is waived, only if-
(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;
(2) the debtor received the disclosures described in subsection (k) at or before the time at which the debtor signed the agreement;
(3) such agreement has been filed with the court . . .

11 U.S.C. § 524(c) (emphasis added). While there is a split of authority as to whether "made" as used in subsection (1) means something separate and apart from the word "signed" as used in subsection (2), the Court agrees with the reasoning of In re Salas, which held that "'[m]ade' means signed by the parties to the agreement." In re Salas, 431 B.R. 394, 396 (Bankr. W.D. Tex 2010); see also Whitehouse v. LaRoche, 277 F.3d 568, 574 (1st Cir. 2002); In re Turner, 156 F.3d 713, 718 (7th Cir. 1998); Lee v. Yeutter, 917 F.2d 1104, 1106 n. 3 (8th Cir. 1990); Republic Bank of Ca. v. Getzoff (In re Getzoff), 180 B.R. 572, 574-75 (9th Cir. BAP 1995); Schott v. WyHy Fed. Credit Union (In re Schott), 282 B.R. 1, 7 (10th Cir. BAP 2002); but see In re Mausolf, 403 B.R. 761, 764-65 (Bankr. S.D. Fla. 2009) (holding that an agreement is "made" when the parties to the reaffirmation have a "meeting of the minds"). Accordingly, since the reaffirmation agreement in question was not signed by both parties to the agreement prior to the Debtors' discharge on August 30, 2010, the agreement was not "made before the granting of the discharge" for purposes of Section 524(c).

Numerous courts have held that a debtor's desire to enter into a reaffirmation agreement does not constitute cause sufficient to vacate an order of discharge. See, e.g., In re Wilhelm, No. 06-51747, slip op. at 2 (Bankr. M.D.N.C. June 8, 2007) (Carruthers, J.) (holding it is improper to vacate

an order of discharge to allow the debtor to enter into a reaffirmation agreement); In re Stewart, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006) (holding that the court could not use its equitable powers under § 105 to vacate a discharge order for the purpose of allowing a debtor to enter into a reaffirmation agreement); In re Rigal, 254 B.R. 145, 148 (Bankr. S.D. Tex. 2000) (rejecting the argument that the court had the authority to revoke a discharge for the purpose of entering into a reaffirmation agreement under Fed. R. Bankr. P. 9024); In re Brinkman, 123 B.R. 611, 612 (Bankr. N.D. Ind. 1991) (finding that a debtor's wish to reaffirm a debt was not cause for the revocation of a discharge pursuant to § 727(d)); but see In re Edwards, 236 B.R. 124, 128 (Bankr. D.N.H. 1999) (holding that vacating the discharge to permit enforceable reaffirmation agreement is permissible under certain circumstances).

Because the reaffirmation agreement was not made prior to the Debtors' discharge and because no cause has been shown to warrant the reopening of the case and the revocation of the Debtors' discharge, the Debtors' case will remain closed.  The Motion to Reopen is denied.

This ruling in no way prevents the parties from modifying the Debtors' mortgage as they see fit.  However, the Debtors will continue to benefit from their discharge in that they will continue to have no personal liability for their mortgage debt.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| JAMES EDWARD WADE and | ) | Case No. 10-11000 |
| BETTY JEAN WADE | ) | |
| | ) | |
| Debtors. | ) | Chapter 7 |
| | ) | |

## PARTIES IN INTEREST

Julie H. Stubblefield, Esq.

Charles M. Ivey, III, Esq., Trustee

Michael D. West, Esq., Bankruptcy Administrator